UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, JOHN WILEY & SONS, INC., ELSEVIER, INC., CENGAGE LEARNING, INC., AND PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1-5 d/b/a www.testbankpdf.com, <br><br> Defendants. | Case No. 15-CV-2748 (VEC) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #:_____ <br> DATE FILED: 4/23/2015 |

## ORDER

Upon Plaintiffs' ex parte Motion against Does 1-5 (collectively, "Defendants") for, inter alia, an order to show cause for a preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6212, accompanying Memorandum of Law, supporting Declarations and exhibits submitted therewith, the Preliminary Injunction Hearing held on April 23, 2015, the Complaint, and the record herein, the Court finds:

1. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights in connection with Defendants' reproduction, distribution, and sale of unauthorized copies of Plaintiffs' copyrighted works through: 1) the websites located at www.testbankpdf.com and www.ustestbank.com ("Defendants' Sites"); 2) multiple email addresses, including solutionsmanualzone@gmail.com; payment@ustestbank.com; ustestbank@gmail.com; garywells34@gmail.com; leonleeson3@gmail.com; kurtstone12@gmail.com; mikeloo127@gmail.com;

easonradin@gmail.com; samsonkristof@gmail.com; ryanross135@gmail.com; randyho128@gmail.com; and phillipmorrris@gmail.com (collectively, "Defendants' Email Addresses"); and 3) various other names, assumed names, or aliases, including but not limited to the names Ryan Ross, Gary Wells, Leon Leeson, Kurt Stone, and Mike Loo ("Defendants' Aliases");

 2. The reproduction, distribution, and/or selling of unauthorized copies of Plaintiffs' copyrighted works will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered; and

 3. The harm to Plaintiffs from denial of the requested ex parte order outweighs the harm to Defendants' legitimate interests against granting such order.

## **PRELIMINARY INJUNCTION**

THEREFORE, IT IS HEREBY ORDERED that Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

 a. Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs), whether now in existence or later created ("Plaintiffs' Works").

 b. Copying, reproducing, downloading, distributing, uploading, transmitting, or otherwise exploiting without authorization any of Plaintiffs' Works;

 c. Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, or otherwise exploit without authorization any of Plaintiffs' Works;

 d. Using, operating, maintaining, assisting, distributing, or supporting any

          computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the infringement of any of Plaintiffs' Works; and

e.     Transferring, withdrawing, or disposing of any money or other assets residing in any accounts connected to Defendants or to Defendants' Sites, pending resolution of this case or further order of this Court.

## ASSET RESTRAINING ORDER

IT IS FURTHER ORDERED that Defendants and their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, payment providers, third-party processors, and/or other financial institutions of Defendants, or any of them, must, upon receiving actual notice of this Order, immediately locate all accounts connected to Defendants or to Defendants' Sites and immediately cease transferring or disposing of any money or other assets residing in such accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made by Defendants from such accounts pending further order of this Court.  This includes but is not limited to: (1) any and all PayPal accounts utilized by any of the Defendants or Defendants' Sites, including without limitation any accounts associated with any of Defendants' Email Addresses (hereinafter, "PayPal Accounts"); (2) any and all bank accounts, credit card or debit accounts, or other financial institution accounts linked to or associated with any PayPal Accounts; and (3) any and all accounts with any financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with any of the Defendants' Sites or Defendants' Email Addresses.

IT IS FURTHER ORDERED, that this Preliminary Injunction and Asset Restraining Order shall remain in effect for the duration of the pendency of the present action, or until further order Court.

SO ORDERED this 23rd day of April, 2015.

                                                                       Hon. Valerie Caproni
                                                            United States District Judge